**MERRICK & COE v. MODLIN et al.**

No. 12826—Opinion Filed Oct. 3, 1922.

Rehearing Denied Jan. 11, 1923.

(Syllabus.)

1. **Master and Servant — Workmen's Compensation—Liability of Employer Where Compensation Has Not Been Secured by Insurance — Jurisdiction of Industrial Commission.**

Under the Workmen's Compensation Law, c. 14, Session Laws 1919, an employer is liable for the compensation as provided in the act where the injured employe received an accidental injury while engaged in hazardous employment as defined in the act, and the failure of the employer to secure the payment of such compensation by providing insurance does not relieve such employer from liability for such compensation, and the State Industrial Commission is vested with jurisdiction to make an award to such employe.

2. **Same—Workmen's Compensation—Findings of Fact by Commission Conclusive on Review.**

It is only where there is no evidence to sustain the findings of fact made by the Industrial Commission that the Supreme Court will review such findings, and, where there is any evidence to sustain the findings of fact made by the commission, the same are conclusive in this court. Record examined, and held the award be affirmed.

Original action instituted in the Supreme Court by Merrick & Coe, petitioners, to reverse award made by State Industrial Commission, respondent, in favor of C. C. Modlin, respondent. Award affirmed.

H. A. Ledbetter, for petitioners.

S. P. Freeling, Atty. Gen., R. E. Wood, Asst. Atty. Gen., H. Howard, and Pardue & Davis, for respondents.

KENNAMER, J. Merrick & Coe instituted this action originally in this court to have reviewed an award made on the 13th day of October, 1921, by the Industrial Commission awarding C. C. Modlin $12.40 per week until termination of his disability, not to exceed the limitation prescribed by law.

It appears from the brief of counsel for the petitioners that the respondent C. C. Modlin received an accidental injury on or about the 11th day of March, 1921, while employed by Merrick & Coe, a copartnership, engaged in the work of drilling oil wells. There is no reference in the record, or the order making the award, as to what kind of injury the respondent Modlin received. We suggest here, it would at least be the better practice of the State Industrial Commission in preparing its awards to briefly state the character of injury received by a claimant. We do find in the brief of the petitioners a reference to the testimony of Dr. Long indicating that the claimant received an injury involving the upper part of the great sciatic nerve, and as a result of the injury the claimant has an inflammation of the nerve known as traumatic neuritis.

The petitioners only argue two propositions for a reversal of the award made by the respondent State Industrial Commission.

It is contended by counsel for the petitioners that where the employers have not complied with chapter 14, Session Laws 1919, in respect to providing compensation insurance for their employes, that in this situation the injured employe receiving an accidental injury in the course of his employment must enforce any claim that he may have against his employer in an action at law in a proper court, and that the Industrial Commission has no jurisdiction in such cases. We are unable to agree with counsel in this contention. No contention is made but that the respondent, Modlin, the claimant before the Industrial Commission, was engaged in such employment as is recognized and designated by the Workmen's Compensation Law as a hazardous occupation. Section 2, c. 14, Session Laws 1919, p. 15, reads:

" 'Hazardous employment' shall mean manual or mechanical work or labor connected with or incident to one of the industries, plants, factories, lines, occupations or trades, mentioned in section 2 of this act, but shall not include any one engaged in agriculture, horticulture, or dairy or stock raising, or in operating any steam railroad engaged in interstate commerce."

Section 1 of c. 14, Session Laws 1919, amendatory of section 2, art. 1, c. 246, Session Laws 1915, in part reads:

"Compensation provided for in this act shall be payable for injuries sustained by employes engaged in the following hazardous employments, to wit: * * *"

Then follows the designation of numerous classes of work as hazardous industries. The language of the act is plain, and specifically provides that the compensation provided for in the act should be payable for injuries sustained by employes engaged in such hazardous employment.

Section 4, c. 14, Session Laws 1919, amendatory of section 1, art. 2, c. 246, Session Laws 1915, in part reads:

"Every employer subject to the provisions of this act shall pay or provide as required by this act compensation according to the schedules of this article for the disability of his employe resulting from an accidental personal injury sustained by the employe arising out of and in the course of his employment, without regard to fault as a cause of such injury, except where the injury is occasioned by the willful intention of the injured employe to bring about injury to himself or of another, or where the injury results directly from the willful failure of the injured employe to use a guard or protection against accident furnished for his use pursuant to any statute or by order of the State Labor Commissioner or results directly from the intoxication of the injured employe while on duty. * * *"

It is obvious under the mandatory provisions of the statute that every employer subject to the provisions of the act should pay compensation, as required by the act, according to the schedule for the disability of the injured employe resulting from an accidental personal injury sustained by the employe arising out of and in the course of his employment, unless he provides for payment by means of securing insurance. The employer may relieve himself of paying compensation for disability or injury as provided in the act by complying with section 11, c. 14, Session Laws 1919, amendatory of section 1, art. 3, c. 246, Session Laws 1915, making it the duty of the employer to secure compensation to his employes—

"By insuring and keeping insured the payment of such compensation with any stock corporation or mutual association or by exchanging contracts of indemnity or inter-insurance, under reasonable regulations prescribed by the commission providing for and securing the payment of the compensation provided in this act, or other concerns authorized to transact the business of workmen's compensation insurance in this state. * * *"

If the employer fails to provide such insurance, under section 5, c. 14, Session Laws 1919, amendatory of section 2, art. 2, c. 246, Session Laws 1915, the injured employe receiving an accidental injury while engaged in such hazardous employment, if he elects to do so, may maintain an action in the proper court to recover damages on account of such injury, and the employer is precluded from pleading or proving as a defense that the injury was caused by the negligence of a fellow servant or that the employe assumed the risk of his employment, or that the injury was due to the contributory negligence of the employe. This remedy is cumulative for the benefit of the injured employe. It is obvious from an examination of this section of the statute that the part of the section providing that the injured employe may maintain an action in the court for damages on account of an injury received in the course of his employment, for which the employer has not secured the payment by complying with the terms of the act in providing insurance, only qualifies the operation of the first clause in the section of the statute providing that the liability prescribed in the act providing compensation for disability caused by an accidental injury should be exclusive. It is plain the remedy for such injuries as are provided for in the act is exclusive, with the exception that if the employer has failed to comply with the provisions of the act in securing compensation to the injured employe in case of disability resulting from accidental injury, such employer is subjected to the additional remedy for damages which the injured employe may enforce in an action at law in a court of competent jurisdiction, and in such action the delinquent employer in not providing the insurance, as prescribed by the act, is precluded from interposing such a defense as assumption of risk or contributory negligence. We conclude from the plain language of the various sections of the Workmen's Compensation Law that this intention is clearly manifest. There is no language found in the various sections of the law justifying the conclusion that because the injured employe is given the additional remedy of enforcing a claim for damages in the courts, where the employer has failed to provide insurance, he is denied the benefits of the compensation provided for in the law for disability, which the act prescribed it is the duty of the employer to pay to such employe if he has sustained an accidental injury in the course of his employment resulting in disability, where the employe is injured while engaged in hazardous employment.

The test as to whether the injured employe is entitled to the benefits of the Workmen's Compensation Law is whether he was engaged in hazardous employment at the time he received an accidental injury. The primary obligation of paying such injured employe compensation rests upon the employer, and the statute makes it the duty of an employer employing laborers to perform hazardous labor to insure the payment of the compensation in case of accidental injury by complying with the provisions of the law in

securing such compensation to the employe by carrying insurance, where the employer is engaged in some line of business coming within the provisions of the act.

It was held in the case of American Fuel Company of Utah v. Industrial Commission of Utah et al. (Utah) 187 Pac. 633, that the employer is primarily liable for the compensation provided for an employe, and the fact that the employer had complied with the Workmen's Compensation Law by insuring payment did not relieve the employer of his primary obligation to pay compensation where the insurer was insolvent; that the default of either employer or insurer did not excuse payment by the other. See volume 2, Schneider's Workmen's Compensation Law, sec. 469.

The provisions of the Workmen's Compensation Law providing for disability compensation enters into every contract of employment where such employment comes within the act as hazardous occupation, and such compensation is in no way dependent upon any of the elements that would constitute a cause of action for damages at law and enforceable in the courts. The primary purpose of all workmen's compensation laws is to provide compensation for injured employes for injuries accidentally received in the course of their employment, without regard to whose negligence caused the injury, Such compensation is intended to operate as an accident insurance policy.

The determination of the amount of compensation due such injured employe is to be speedily adjudicated, and such laws have wisely provided a tribunal for the purpose of having such determination made speedily by providing summary remedy, in order that the injured employe may have the benefit of such compensation during the existence of his disability and while such employe is unable to earn a livelihood by his labor. It was evidently the intention of the Legislature in adopting the law that such injured employe should not be turned out in the world in a disabled condition without funds to provide the necessities of life, and, hence, it is plain such compensation was intended as a substitute for the earning capacity in part of such injured employe. Winfield v. New York Cent. & H. R. R. Co., 153 N. Y. Supp. 499.

Under section 10 of chapter 14, Session Laws 1919, the State Industrial Commission of this state is vested with jurisdiction to determine the amount of compensation due an injured employe as provided for in the act, and the failure of the employer to secure such compensation by carrying insurance does not divest the Industrial Commission of jurisdiction to make an award where the injured employe received an accidental injury while engaged in hazardous employment which the act provides is compensable by the employer. The act makes it the duty of the employer to pay the compensation, and only relieves such employer of the duty where he has secured the compensation in the manner therein provided. It is clear that the Industrial Commission had jurisdiction to make the award in this case.

The second proposition argued by counsel for the petitioners is that the award of the Industrial Commission is not sustained by sufficient evidence. We have examined the testimony referred to in the brief of counsel for the petitioners, and it is plain from the evidence set out in the brief of counsel for the petitioners that there is evidence in the record supporting the award made by the Industrial Commission. This court is committed to the rule that it will only reverse the award of the commission where there is no evidence to support it. Associated Employers' Reciprocal et al. v. State Industrial Commission, 83 Okla. 73, 200 Pac. 862.

We conclude that the award of the commission should be affirmed, and it is so ordered.

JOHNSON, McNEILL, MILLER, and NICHOLSON, JJ., concur.