**TEAGUE v. STATE INDUSTRIAL COMMISSION et al.**

No. 16294—Opinion Filed Oct. 27, 1925.

1. **Master and Servant — Workmen's Compensation — "Hazardous Employment" —Power-Driven Machinery Incidental to Manufacturing.**

A workman was injured while capping a bottle of soft drink by means of machinery operated by foot pedal. He had filled such bottle by means of power-driven machinery operated in the same enclosure. Held, that such workman was engaged in hazardous employment, as defined by the Workmen's Compensation Act, at the time of his injury, since the power-driven machinery employed was incidental, if not necessary, to the process of making the drink, under paragraph 11 of section 7284, C. O. S. 1921, of said act.

2. **Same—Evidence of Employment of More Than Two Workmen.** /

The respondent bottled the drinks. Petitioner also had two boys, who worked for hire as they were needed, but not continuously, in washing the used bottles for refilling; and also employed a delivery man, who removed the bottled product from the place, delivering same to the trade, and returning the empties. It inheres in the award of the Industrial Commission that the petitioner had more than two workmen. Held, the award cannot be set aside on the ground that petitioner did not have more than two workmen, since there is some evidence, so, as aforesaid, to support same in this behalf.

3. **Same—Employer not Relieved from Liability by Failure to Provide Payment by Insurance.**

Where a workman receives an injury while engaged in hazardous employment as defined in said act, and his employer, being amenable to such act, had failed to secure the payment of compensation by providing insurance, the State Industrial Commission is not ousted of jurisdiction by such default of such employer. In such case, such employe may elect either to claim compensation under said act, or he may sue in the court having jurisdiction of the subject-matter.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from State Industrial Commission.

Action by W. T. Teague, doing business as Crystal Bottling Works, to review an award of State Industrial Commission in favor of Stephie Hunnicutt. Award sustained.

Utterback & Stinson, for petitioner.

Macdonald & Macdonald, for respondents.

Opinion by ESTES, C. From an award of $12.50 per week to Stephie Hunnicut, W. T. Teague, doing business as Crystal Bottling Works, seeks review, assigning as error, that his business does not come within the purview of the Workmen's Compensation Act, for that the business was not "hazardous employment," in that the place was neither a "factory" nor "workshop," for that the machinery therein was not power-driven. Petitioner manufactured drinks in one large room containing all the machinery. The injury covered by the award herein was a total loss of one eye to respondent, caused by the explosion of a bottle while being filled with "pop." Respondent was "capping" the bottle at the time, using for such purpose a machine which he operated by a foot pedal. However, in the same room a power-driven "carbonator" was located near, which, by means of compressed air, had pumped part of the contents into such bottle. Also, in the same room and near where respondent was working, there was a bottle-washing apparatus, operated by a power-driven pulley.

1. Paragraph 11 of section 7284, C. O. S. 1921 (of said act), amended by Sess. Laws 1923, p. 118, c. 61, is:

"'Workshop' means any premises, yard, plant, room or place wherein power-driven machinery is employed and manual or mechanical labor is exercised by way of trade for gain, or otherwise or incidental to the process of making, * * * finishing, or adapting for sale or otherwise, any article," etc.

The power-driven carbonator and bottle-washer were, at least, incidental to the making of the pop, or finishing, or adapting same for sale. As we understand, "pop" could not be made without gas or compressed air from some source. We thus conclude that the business in which respondent was engaged was "hazardous employment."

2. It is also contended that petitioner is not amenable to the act because he did not employ more than two workmen. It is undisputed that Hunnicutt was a steady employe and did the bottling proper; that, in addition, petitioner had in his employ two boys who operated said bottle-washing machine; that these boys did not work all the time, but did work regularly as they were needed to wash the bottles to be used by this respondent; that they did their work at odd hours, not being needed continuously; that petitioner also had in his employ a delivery man, whose business it was to remove the bottled product from said room and deliver same to the trade, and to return the empties to said room to be washed by the

boys and placed conveniently for refilling. It is well settled that this act must be construed as a whole, and that all presumptions indulged will be in favor of respondent. It is likewise well settled that the finding of the commission on questions of fact will not be disturbed by this court where there is any evidence to sustain same. Petitioner was carrying on such business, though in a small way. Respondent alone could not and did not perform all the labor of manufacturing pop. It inheres in the award of the commission that petitioner employed more than two workmen. We cannot say there is no evidence to support same. In fact, to so conclude would be to give the act a very restricted construction, which we do not think was contemplated by the Legislature. For the same reason, the fact that neither the bottle-washers nor the delivery man was present at the scene of the accident is not material in determining whether more than one workman was employed. Petitioner contends, under Southwestern Grocery Co. v. State Industrial Commission et al., 85 Okla. 248, 205 Pac. 929, that petitioner was conducting different departments of his business, some of which fall within the act and some do not; that while the boys in washing the bottles were using power-driven machinery, respondent at the time of his injury was using said foot pedal. The case is clearly distinguishable. There, the employe was dressing chickens in a room separate from the meat market, the latter containing a power-driven sausage grinder. The employe, in using a simple knife in dressing a chicken, wounded himself in the groin. It thus appears that such room was a separate department used for dressing chickens by hand, in which there was no power-driven machinery, such machinery being in another, the meat department — not used for dressing chickens. In the instant case, it is evident there was only one department.

3. Lastly, it is contended that since petitioner had made no provision for insurance and carried none, as required by the act, the commission was without jurisdiction to make an award. This contention is untenable under Brown v. Sinclair Refining Co., 86 Okla. 143, 206 Pac. 1042, and Merrick & Coe v. Modlin et al., 88 Okla. 83, 211 Pac. 510. Had petitioner complied with the act in this behalf, the jurisdiction of the commission had been exclusive. Since petitioner had so failed, respondent could either elect to file this claim with the Industrial Commission, or to sue in the court having jurisdiction of the subject-matter. Had respondent herein elected to bring his action in such court, petitioner had been prohibited, by his failure to provide insurance, under the statutes, from pleading or proving certain defenses. The act does not provide that because an employer has failed to obtain insurance, or make provision with the commission for the protection of his employes, the commission is thereby ousted of jurisdiction. Such jurisdiction of the commission is not dependent upon acts of omission of employers. The jurisdiction of the commission is general as to all employers properly coming within the act. The act is simply permissive in providing that, if an employer has failed to secure the payment of compensation for his injured employe, the latter may maintain an action in the courts for damages.

No error appearing, let the award be sustained.

By the Court: It is so ordered.