COLISEUM CO. et al. v. RAY et al.

No. 31330. Dec. 21, 1943.

Rehearing Denied Feb. 15, 1944.

*145 P. 2d 763.*

Clayton B. Pearce and Fred M. Mock, both of Oklahoma City, for petitioners.

L. A. Justus, Geo. B. Smith, and F. J. Lucas, all of Tulsa, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by the Coliseum Company, employer, and its insurance carrier, Massachusetts Bonding & Insurance Company, to review an award made to the respondent, Albert Ray. On the 23rd day of May, 1942, respondent filed his first notice of injury and claim for compensation, and therein stated that he sustained an accidental injury on the 15th day of January, 1942, while employed by the Coliseum Company when he suffered abdominal rupture while opening a valve on a tank on the equipment of the Coliseum. On November 18, 1942, the State Industrial Commission found that the respondent sustained an accidental injury arising out of and in the course of a hazardous employment with the employer and entered an award for permanent total disability.

This proceeding is brought to review said award. The petitioners raise two propositions: (1) The Coliseum, being an amusement company operated in the Coliseum of the city of Tulsa, is not within the purview of the Workmen's Compensation Law (85 O. S. 1941 § 1 et seq.); (2) there is no competent evidence reasonably tending to sustain the finding that the respondent sustained an accidental injury arising out of and in the course of his employment resulting in total permanent disability.

The record discloses that respondent was employed to tend the engine room for the skating rink in the Coliseum. It was operated by a private concern known as the Coliseum Company. The rink was equipped for freezing ice, and for this purpose a 150-ton ice machine with all of the equipment and appliances necessary to operate the same is installed in the building. In connection therewith there is a workshop for the repair and maintenance of the skating rink. The respondent while employed as an engineer to maintain and repair the ice machine, and aid in the equipping of the skating rink for the purpose of amusement run by the Coliseum, sustained his injury when he attempted to climb up the side of one of the tanks on the machine to reach a valve.

We are of the opinion, and hold, that the premises constituted a workshop where machinery is used as defined by 85 O. S. 1941 § 3. Teague v. State Industrial Commission, 112 Okla. 292, 240 P. 1053; Gooldy v. Lawson, 155 Okla.

259, 9 P. 2d 22; Harbour-Longmire-Pace Co. v. State Industrial Commission, 147 Okla. 207, 296 P. 456; Mayo Hotel v. Barney, 181 Okla. 430, 74 P. 2d 621.

In the second proposition petitioners argue that there is no competent evidence to support the finding that respondent sustained an accidental injury. The respondent stated that it was his duty to open and close the valves on the ice machine at particular times. For this purpose, on the 15th day of January, 1942, he attempted to climb the brine tank by pulling himself up the side of the tank in order to reach the valve. This evidence is sufficient to establish the accidental injury.

Petitioners also contend that there is no evidence that respondent is totally and permanently disabled. Two physicians testified for the respondent and both gave it as their opinion that he was totally and permanently disabled by reason of the abdominal hernia. The last physician to testify stated that in his opinion, regardless of any attempt to remedy the abdominal hernia by operation, respondent would always be permanently and totally disabled; that respondent has the largest hernia he had ever seen. The record discloses that the hernia is four inches in measurement one way and two inches in another. That the protrusion was as big as a large grapefruit. The physician testified that an operation for the correction of the hernia would be dangerous and perhaps fatal. In this connection petitioners urge that had respondent submitted to an operation earlier, this condition would not now exist. On this point it is well to point out that the position of the petitioners has consistently been that they are not liable for the resulting disability of the respondent, and that at no time have they suggested or offered medical attention.

The cause and extent of an injury and the resulting disability are questions of fact, and where there is any competent evidence reasonably tending to sustain the finding of the State Industrial Commission, an award based thereon will not be disturbed by this court. Tidewater Associated Oil Co. v. Ale, 191 Okla. 414, 130 P. 2d 991.

It is unnecessary to discuss the rule to be applied in an injury resulting in hernia where the disability is not total and permanent, since we have held that a hernia which results in total permanent disability is compensable as such. Williams v. Commander Mills, Inc., 181 Okla. 362, 73 P. 2d 1143; Pioneer Mills Co. v. Webster, 184 Okla. 49, 84 P. 2d 642. These are the only questions presented by the petitioner.

The award of the State Industrial Commission is sustained.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. WELCH and ARNOLD, JJ., dissent.