## PARLOR v. JOHN MONGOLD DRIVE-IN CAFE et al.

No. 33598. April 24, 1951.
Rehearing Denied May 8, 1951.

*230 P. 2d 887.*

W. H. Kisner, Tahlequah, for petitioner.

Miller & Miller, Tahlequah, and Mac Q. Williamson, Atty. Gen., for respondents.

O'NEAL, J. This is an original proceeding brought by Denver Eddie Parlor to review an order of the State Industrial Commission denying him compensation on a claim filed against his employer, John Mongold Drive-In Cafe. The cafe is owned and operated by John Mongold and his wife, Mrs. Mongold, who are referred to herein as respondents.

Compensation was denied on the sole ground that petitioner was not engaged in a hazardous employment at the time he sustained his injury.

It is the contention of petitioner that the order is not supported by the evidence and is contrary to law.

The facts are undisputed. They are: Respondents are the owners and operators of a cafe in Tahlequah, Oklahoma. The building in which they were conducting the business was too small to accommodate their needs. In order to remedy this situation they constructed a small building about 20 feet distant from the main building which is used by them as a storeroom to store groceries and articles used in operation of the cafe. The buildings are separated by a sidewalk. This building is equipped with a one-half horse-power electric meat grinder which is used in grinding hamburger and chilli meat. The meat, after being ground, is taken to the cafe in the main building and prepared, cooked and served to the patrons of the cafe. Petitioner was employed primarily as a dishwasher. He was, however, occasionally required to operate the meat grinder. On the 4th day of January, 1948, while engaged in grinding meat, he placed his right hand in the grinder. The fingers of the

hand were caught in the motor resulting in the amputation of all four fingers of the hand. The grinder is such as is ordinarily used in cafes and restaurants. Respondents carried no compensation insurance for their employees.

This is, in substance, the evidence the commission had before it when it denied compensation.

Petitioner concedes, and correctly so, that one employed to work in an ordinary cafe is not engaged in an employment defined as hazardous by the Workmen's Compensation Act, 85 O.S. 1941 §2. He, however, contends the installation and use of an electric meat grinder placed in the new building constituted the building of a workshop where machinery was used, and since he sustained an injury while using the meat grinder he was engaged in a hazardous employment within the meaning of the Compensation Act. In support of this contention he relies upon Harbour-Longmire-Pace Co. v. State Industrial Commission, 147 Okla. 207, 296 P. 456, and similar cases. In the Harbour-Longmire-Pace case, supra, it appears that the employer, in addition to operating a retail mercantile store, in connection therewith operated as a separate and independent branch or department of its business a place where draperies and curtains were manufactured and also a department in which furniture was repaired. We there held that insofar as it was engaged in the business of manufacturing draperies and curtains, it was operating a factory and that insofar as it repaired furniture it was conducting a workshop within the meaning of the Workmen's Compensation Act, and since the employee sustained his injury while performing services in connection with these departments he was engaged in a hazardous employment.

The other cases relied upon by petitioner, Dalton Barnard Hardware Co. v. Gates, 203 Okla. 268, 220 P. 2d 249, and Gates v. Weldon, 203 Okla. 488, 223

P. 2d 372, are based on a similar state of facts.

These cases are all distinguishable from the present case on the facts.

In this case a substantially different state of facts exists. Respondents in addition to the operation of the cafe were not engaged in conducting in the new building a separate and independent department or branch of business. They were therein conducting no other or different business from the business conducted in the cafe. They were engaged in a single business, that of operating a cafe. The meat grinder located in the new or separate building was not used in connection with a separate business therein being conducted, but was being used as a mere incident to the operation of the cafe. The facts in the present case bring it within the rule announced in Hurley v. O'Brien, 192 Okla. 490, 137 P. 2d 592. We there held that an electric meat slicer and electric sausage grinder used in connection with the operation of a grocery store and meat market did not transform the grocery store and meat market into a workshop. We distinguished the case from the Harbour-Longmire-Pace case, supra, relied upon by petitioner, and stated that in that case we had the situation where a separate business was set up and being operated in connection with the retail business rather than the presence of equipment which was incidental to the real business of a retail store. What is there said applies here. See, also, Plaza Grill v. Webster, 182 Okla. 533, 78 P. 2d 818; Southwestern Grocery Co. v. State Industrial Commission, 85 Okla. 248, 205 P. 929.

If the meat grinder had been located in the main building of the cafe instead of the separate building, there could be no question but that the facts would bring the case squarely within the rule announced in Hurley v. O'Brien, supra, and similar cases. It was located in the separate building for lack of space in the main building. The mere fact

460

that it was so located cannot and does not change the situation.

Petitioner further contends that the cases above mentioned and relied upon by respondents should be distinguished from the present case and that a different result should be reached for the reason that in neither of such cases did the employee sustain his injury while engaged in operating the machines, whereas in the present case petitioner did sustain his injury while so engaged. We do not agree. If the presence of the meat grinder and its use in the cafe did not transform the cafe from a nonhazardous business into a hazardous one, the nature of the injury sustained and the manner in which it occurred will not do so. If the use of the meat grinder in the cafe does not make it a workshop, we think it illogical to say the mere fact that an employee may be injured while using the machine will make it such.

We conclude that the evidence amply supports the order made by the commission and that the order entered is not contrary to law.

Order sustained.

LUTTRELL, V.C.J., and DAVISON, HALLEY, and JOHNSON, JJ., concur. CORN, J., dissents.