Jack HINES, d/b/a Patty Ann Restaurant,
Petitioner,

v.

The SUPERIOR COURT OF OKMULGEE
COUNTY, State of Oklahoma, and Honor-
able Don Barnes, Judge of the Said Court,
Respondents.

No. 42631.

Supreme Court of Oklahoma.

Sept. 19, 1967.

O. E. Richeson, Henryetta, for petitioner.

Edgar R. Boatman, Okmulgee, for respondents.

McINERNEY, Justice.

This is an application for Writ of Prohibition by Jack Hines, doing business as Patty Ann Restaurant, to prevent the respondent, Judge of the Superior Court of Okmulgee County, Oklahoma, from proceeding further in a certain negligence action involving personal injuries, together with a companion case, now pending in said court. It involves the jurisdiction of the Superior Court of Okmulgee County, and the effect of a prior State Industrial Court proceeding relating to the same injuries for which compensation is now sought in the Superior Court.

It appears that Mary Elizabeth Hunter was employed as a cook's helper and baker at petitioner's business establishment when, on December 22, 1964, she allegedly received an injury to her back while lifting a sack of flour. She filed a notice of injury and claim for compensation in the State Industrial Court on December 7, 1965. After a hearing on November 22, 1966, at which time the validity of the claim was contested by the petitioner herein, the Industrial Court, on December 6, 1966, found that the kitchen did not constitute a "workshop" as required by the Workmen's Compensation Law and, therefore, the "court has no jurisdiction to hear and determine this claim." The claim for compensation was denied and dismissed. Thereafter, Mary Elizabeth Hunter filed an action for personal injuries in the Superior Court of Okmulgee County.

Petitioner alleges as a basis for the writ of prohibition, and the asserted lack of jurisdiction of the Superior Court, that the filing of a claim for compensation in the Industrial Court is an election by Mary Elizabeth Hunter to pursue her remedy under the Workmen's Compensation Act, that the judgment of that court is now final and that the election having been made, together with the "judgment" rendered by the Industrial Court, precludes this later action by the same claimant against the same defendant for the same injuries. Petitioner cites in support of this contention Rex Truck Lines, Inc., v. Simms, Okl., 401 P.2d 520; H. L. Hutton & Co. v. District Court of Kay County et al., Okl., 398 P.2d 530; Dixie Cab Co. v. Sanders, Okl., 284 P.2d 421; McAlester Corp. v. Wheeler, 205 Okl. 446, 239 P.2d 409; Parlor v. John Mongold Drive-In Cafe et al., 204 Okl. 458, 230 P.2d 887; and Plaza Grill et al. v. Webster et al., 182 Okl. 533, 78 P.2d 818. These cases are distinguishable from the present case on the facts and on the relief sought therein.

Briefly summarized, these cases hold: that a kitchen is not a "workshop" within the purview of the Workmen's Compensation Law (McAlester, supra; Plaza Grill, supra; Parlor, supra); that a case pending in the Industrial Court will preclude further litigation by the same claimant in the District Court until certain factual or jurisdictional questions are resolved by the Industrial Court (Rex Truck Lines, Inc., supra); and that an election by the injured party to proceed under the Workmen's Compensation Law coupled with the acceptance of an *award of compensation for his injuries under the order of the Industrial Court* precludes a subsequent action by the same employee to recover damages for the same injuries (H. L. Hutton & Co., supra).

The claim presented in the instant case to the Industrial Court by Mary Elizabeth Hunter was denied on jurisdictional grounds only. She has no case presently pending in the Industrial Court and she has received no award from that court for an injury. The court determined, agreeing with petitioner herein, that her employment in the kitchen of petitioner was not a "hazardous occupation." The Industrial Court held, and the order is now final, that Mary Elizabeth Hunter had no remedy available

in the Industrial Court for her alleged injury.

Thus the question here appears to be, is this determination by the Industrial Court a bar to respondent's subsequent action in the Superior Court against the same employer for the same injuries? We think not.

■ Under the doctrine of election of remedies there can be no bar to later litigation of the same subject matter unless two or more remedies for the same claim do in fact co-exist. As we said in Young v. Seely, Okl., 366 P.2d 951,

"It is apparent that before an estoppel at law against a party can be sustained on the doctrine of election of remedies, the party must have two inconsistent existing remedies in his cause of action and makes a choice of one of the remedies. It is equally apparent that if a party pursues a supposed but nonexistent remedy, that the doctrine is not applicable."

See also Tulsa Rig, Reel & Manufacturing Co. v. Arnold, 94 Okl. 120, 221 P. 19; Larkin v. Tallant, 201 Okl. 436, 206 P.2d 982, 986; Fourth National Bank of Tulsa v. Eidson, 205 Okl. 145, 236 P.2d 491, 495; and 6 A.L.R.2d 10, 25 Am.Jur.2d, Election of Remedies, § 22, p. 664.

We held in Dudley v. King, Okl., 285 P.2d 425:

"The choice of a supposed remedy that never existed and the pursuit thereof until the court adjudicates that it never existed, does not preclude the subsequent pursuit of a proper existing remedy"

and in the body of the opinion, on page 427,

"Election of remedies is defined as being a choice, shown by some overt act, between two or more inconsistent rights, either of which may be asserted at the will of the chooser alone. It is the choosing between two or more different and coexisting modes of procedure and relief allowed by law on the same set of facts. The purpose of the doctrine of election of remedies is not to prevent

recourse to any remedy, but to prevent double recourse for a single wrong."

■ A dismissal of an action on the sole ground that the court is without jurisdiction of the subject-matter of the suit is regarded as a conclusive determination *only* of the fact that the court lacks jurisdiction. It does not operate as an adjudication of the merits and will not bar relitigation in a proper forum of the same cause or claim or of any question material to its merits. Gottsch v. Ireland, Okl., 358 P.2d 1097, 1100; Lowden v. Hooper, 188 Okl. 595, 112 P.2d 172, 173; Edmison v. Crutsinger, 165 Okl. 252, 25 P.2d 1103; 50 C.J.S. Judgments § 638, p. 72; 30A Am.Jur., Judgments, § 353, p. 394; 49 A.L.R.2d 1036, 1061.

■ The Industrial Court has adjudicated that a remedy for the claim presented to it, which is the same as that for which relief is sought in the Superior Court, is not available to the injured party in that tribunal. This order, which is now final, permits subsequent recourse for such an injury in the Superior Court. Southern Kansas Stage Lines Co. v. Kemp, 188 Okl. 397, 109 P.2d 830. The lack of jurisdiction of the court in which relief is sought is not an estoppel or res judicata of the issues sought to be litigated. Bilby et al. v. Malone et al., 130 Okl. 217, 266 P. 760. A remedy being unavailable in the Industrial Court, the injured party may prosecute this action for personal injuries in the Superior Court.

■ Petitioner further contends that he has paid certain wages and hospital bills during the period of disability, apparently on the theory that this action by petitioner indicates that the claim should be prosecuted under the Workmen's Compensation Law in the State Industrial Court, the same court in which he has previously defeated the claim on jurisdictional grounds. McAlester Corp. v. Wheeler, supra, and Dixie Cab Co. v. Sanders, Okl., 284 P.2d 421, wherein compensation was paid in the first case and hospital bills in the second case, dis-

pose of this contention. Had these expenses been paid pursuant to a final award, then further litigation would be barred, H. L. Hutton case, supra, but the dismissal by the Industrial Court for lack of jurisdiction to make an award will not operate as a bar to the Superior Court action.

The writ is denied.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, WILLIAMS, BERRY, HODGES and LAVENDER, JJ., concur.