**Patty PRICE and Mickey Price, Petitioners,**

**v.**

**Michael Phillip HARMS, Respondent.**

**No. 47038.**

Supreme Court of Oklahoma.

Feb. 25, 1975.

Kile & Rabon, Hugo, for petitioners.

Ben A. Goff, Rhodes Hieronymus, Holloway & Wilson, Oklahoma City, for respondent.

LAVENDER, Justice:

Petitioners, hereafter respondents, d/b/a Citizens State Shows, owned and operated

a traveling carnival, which furnished rides and concessions to fairs and local enterprises under contract. Some facilities owned by individuals, i. e., Dee Price, operated on a percentage basis with respondents, who provided bookings. The remainder operated under a family arrangement, between named respondents, Mickey Price and daughter Patty, which will be discussed later.

Claimant (Harms) had been hired as a laborer, and sometimes truck driver, whose labors included working around and with motors and machinery involved in different rides. Claimant had been hired by Mickey Price, who appeared to be in charge of operations, customarily paid claimant's wages in cash, and allowed draws to be made against wages. Respondent indicated possibility of an end-of-season bonus as partial compensation for driving a truck, avoiding expense of commercial license, since claimant was not employed directly as a truck driver.

On May 19, 1973, the carnival was being torn down for removal from Henryetta, Oklahoma, to another location. Claimant was assisting in dismantling two steel towers before loading onto a truck. This was accomplished by use of block and tackle over a gear powered by a gasoline engine, which also provided power for the ferris wheel. During the dismantling process claimant's left hand caught in a rope, was pulled into the gear and the left hand and forearm amputated. Claimant was taken to a local hospital, and later removed to Oklahoma City hospital for treatment and eventual fitting of a prosthetic device.

Claim for compensation originally was filed against Mickey Price and Dee Robert Price, d/b/a Citizens State Shows. At the initial hearing, proper amendments allowed substitution of Patty Price as respondent, and delineation of issues for adjudication. Respondents admitted the fact of employment and occurrence of accidental injury, but affirmatively alleged in defense to the claim: (1) a carnival is not included as a hazardous employment, or defined as hazardous under the Act, 85 O.S.1971 §§ 2, 3; (2) no employer-employee relationship existed between claimant and respondents.

Upon evidence, elaborated at two extended hearings, the trial court found claimant sustained accidental personal injury in course of hazardous employment with respondents d/b/a Citizens State Shows. Claimant was entitled to temporary total compensation, together with scheduled compensation for amputation of left hand. This order (corrected to show Dee Robert Price not an employer) was affirmed by State Industrial Court on en banc appeal.

Respondents argue that a carnival is not hazardous employment, either by statutory enumeration or definition, upon basis of our decision in Skelly Oil Co. v. Waters, Okl., 348 P.2d 320 (1960), and related cases therein cited. These decisions held the test for determining whether employment was a "workshop" within meaning of the statute was not the presence of machinery, but whether such power driven machinery is merely incidental to operation of the business as a means of providing more efficient service. In view of our conclusion regarding this argument w· do not consider the question in relation to subdivision 3(14) of the statute, supra.

It is unnecessary to review and distinguish numerous decisions, cited in support of this argument, involving retail establishments, used car lots, bottling plants, and restaurants. See Hurley v. O'Brien, 192 Okl. 490, 137 P.2d 592; Spraker v. Carroll, Okl., 416 P.2d 946 (1966); Teague v. State Industrial Commission, 112 Okl. 292, 240 P. 1053 (1925); Parlor v. John Mongold Drive-In Cafe, 204 Okl. 458, 230 P.2d 887 (1951). The decisions are inapplicable, and fallacy of the argument predicted thereon is apparent.

To accord substance to this argument it is necessary to assume this ferris wheel was an operative entity without a power source. And, further, that design and manner of intended use did not include dismantling, transportation and re-erection at a new location, each phase of endeavor de-

pending upon use of machinery as a necessary element of respondents' principal business—to provide public amusement by means which required use of machinery and power.

Disposition of the question is controlled by decisions in Coliseum Co. v. Ray, et al., 193 Okl. 604, 145 P.2d 763 (1944) and McClung v. Colclasure, 197 Okl. 445, 172 P.2d 623 (1946). In Ray, supra, a private concern operated an ice rink for public amusement. The enterprise involved a large ice machine with necessary appliances, and a workshop connected with repair and maintenance of the ice rink. Claimant, employed as engineer to maintain and repair the machine and assist in equipping the rink for amusement, was injured while climbing a tank. The premises were held to constitute a workshop within definition of the statute, supra.

In McClung, supra, claimant sustained injury in a cleaning and pressing shop, an integral part of the operation involving power driven motors. That decision acknowledged Hurley v. O'Brien, supra, had announced a rule that *presence of power driven machinery which was merely incidental* to business operations not defined as hazardous, did not make the business hazardous. However, application of converse of the rule makes the employment hazardous, within definition of the statute, supra, where this test is met:

> "The machinery used in the workshop of petitioner is not a mere incident to the operation of the business. It is the principal operation in the cleaning and processing of rugs, clothing and garments and the major operation on which the entire establishment is based."

■ Measured by this test, it is clear the machinery involved was not merely incidental to respondents' business. Rather, this machinery was an integral part of an operation for furnishing public amusement, which was the major operation upon which respondents' business was based. Without these motor powered installations respondents had no business establishment. We

are of the opinion operation of an engine powered device such as the ferris wheel involved maintenance and operation of which depended upon motors, made respondents' business a workshop within meaning of the statute, supra, and constituted a hazardous employment although not specifically enumerated in the Act.

Respondents also contend the trial court erred in finding that claimant was an employee of Mickey Price rather than of the joint respondent, Patty Price. Extended argument relative to weight of the evidence is advanced in an effort to disclose claimant's failure to sustain the burden of proof showing employer-employee relationship with Mickey Price. This claim arises from the family relationship involved in operation of the enterprise, briefly summarized hereafter.

Mickey Price, long time owner of the show, reached retirement age in 1972, and allegedly desired to retire on Social Security and make provision for his unmarried daughter, respondent Patty Price. A purported agreement was executed, under which all equipment of Citizens State Shows was leased to Patty for the seven months' carnival season (March 15–October 15) at $300.00 per month. Other lease conditions placed obligations of operation in Patty. The same lease was re-executed March 15, 1973, shortly before claimant's injury. Under this arrangement Mickey Price continued with the show at agreed salary of $140.00 per month and, according to Patty's testimony, was General Superintendent of Citizens State Shows.

Patty's tax returns and required business reports, i. e., Tax Commission, Motor Vehicle Tax account, and accountant's reports, reflected that Patty was the lessee and operator of the show. Thus respondents insist there was no evidence to show Mickey Price was the operator, or direct proof an employer-employee relationship existed with claimant. Supporting decisional law need not be reviewed. Cited cases involved issues as to whether claimants in varied circumstances were employees or in-

dependent contractors. See Swyden Construction Company v. White, Okl., 383 P.2d 674 (1963), and decisions cited therein. Matter of claimant's employment and injury were admitted. The issue determined by the trial court, and now reviewed, simply involves correctness of the finding which charged both respondents with liability as employers.

■ Argument concerning evidence showing Patty Price was sole operator of the enterprise, is unpersuasive, when consideration is given other evidence relating to the employer-employee relationship. Claimant was hired by, received wages from, and worked entirely under direction of Mickey Price. Although nominally a lessor who served as Patty's general superintendent, this respondent executed booking contracts in his individual capacity, was not listed as an employee for income or Social Security purposes, and did not return the monthly salary ($140.00) as wages or income during 1972. This purported salary paid by Patty admittedly was considerably less than would have been paid to a replacement performing the same duties.

It is unnecessary to categorize, or give name to the private family arrangement under which the business operated. There was sufficient evidence to support the finding, inherent in the trial court's order, that Mickey Price was not an employee of his respondent-daughter.

However, if determined to have been an employee then, as suggested by claimant, acting as superintendent of respondent's (Patty's) operation without disclosing his principal was sufficient to bind him individually. Malernee v. Driebelbis, 173 Okl. 68, 46 P.2d 911 (1935). Under either hypothesis the trial court correctly determined respondents' jount liability to claimant for accidental injury. A decision involving comparable facts and reaching the same conclusion or finding of joint venture may be observed in Baker, d/b/a Baker United Shows v. Billingsley, 126 Ind. App. 703, 132 N.E.2d 273. Award sustained.

Having no workmen's compensation insurance, respondents were required to procure surety bond in order to perfect proceedings for review. Such a bond was filed with Mid-Continent Casualty Company, a corporation, as surety thereon. Claimant has moved for judgment upon that bond, and judgment hereby is granted thereon. The cause is remanded to State Industrial Court for determination of compensation, interest, and costs due and owing by the principals and the named surety.

All of the Justices concur.