**GORBY v. GAYMAN, County Treasurer, et al.**

No. 5484—Opinion Filed May 9, 1916.
Rehearing Denied June 6, 1916.

(157 Pac. 939.)

**Municipal Corporations—Change of Boundaries—Collateral Attack.**

Where a city of the first class has by ordinance annexed certain territory in substantial compliance with section 458, Wilson's Rev. & Ann. St. 1903, and in pursuance thereof has exercised municipal control over same for six years, levying and collecting taxes thereon, and treating it in all respects as an integral part of such municipal organization, the validity of such ordinance cannot be attacked in a collateral proceeding by a private party who seeks to enjoin the collection of taxes levied upon property in such territory upon the ground that it is not a part of the city.

(Syllabus by Day C.)

Error from District Court, Lincoln County; Chas. B. Wilson, Jr., Judge.

Action by A. H. Gorby against John J. Gayman, County Treasurer of Lincoln County, and another. Judgment for defendants, and plaintiff brings error. Affirmed.

W. L. Johnson, for plaintiff in error.

Geo. B. Rittenhouse, F. A. Rittenhouse, and T. S. Harris, for defendants in error.

Opinion by DAY, C. Plaintiff in error, plaintiff below, instituted this action against John J. Gayman, as county treasurer of Lincoln county, and the city of Chandler, asking injunctive relief upon the grounds that the taxing authorities of the city of Chandler assessed for taxation his house and lot where he resided for the year 1911, and also assessed personal taxes against him for said year, and in the year 1910 made an assessment for paving tax against said property, and that they were without authority to make said assessments, for the reason that said property was not situated, and that he did not reside, within the corporate limits of said city.

The record discloses that the city of Chandler has been a city of the first class since 1903; that in February, 1907, the city council enacted an ordinance establishing and extending the boundaries of the city; that this ordinance extended the boundaries of the city so as to include plaintiff's property, which was in one parcel of less than five acres and adjoining the original city limits; that a few days prior to the passage of said ordinance the then owner, W. E. Willoughby, plaintiff's grantor, gave his consent in writing that the boundaries of the city should be extended so as to include said property within its corporate limits; that some time after the passage of said ordinance up to the institution of this action, the same being a period of some six years, the city levied and collected taxes on said property, and had without objection made valuable and lasting improvements thereon by paving along the east side thereof, and during all of said time had exercised municipal control over same,

Upon the trial, judgment was rendered in favor of defendants and against plaintiff, from which this appeal is prosecuted.

Plaintiff insists that the ordinance establishing and extending the boundaries of the city was void, and that therefore he did not reside and his property was not within the limits of the city, and for this reason

not subject to be taxed by the city authorities. The statute in force at the time of the passage of said ordinance relative to cities of the first class annexing adjacent territory was section 458, Wilson's Rev. and Ann. St. 1903, which is as follows:

"The city council, in their discretion, may add other territory adjacent to the city limits as defined and existing at the time of the approval of this act, or at such subsequent time as it shall be desirable in the opinion of the council to make such additions, such territory as they may deem proper, and shall in every case have power to increase or diminish the city limits in such manner as in their judgment and discretion may redound to the benefit of the city: Provided, that in no case shall any additional territory, except when subdivided into tracts or parcels of less than five acres, with more than one resident thereon, be added to the city limits without the consent in writing of the owners of a majority of the whole number of acres owned by residents of the territory to be added: Provided, that where the territory sought to be added is separated from the city limits by an intervening strip less than four rods in width the land so detached by such strip shall be considered as adjacent within the meaning of this act: Provided, that tracts of land in excess of five acres * * * shall not be subject to city taxes."

It will be observed that the proceedings of the city council were in substantial compliance with the provisions of this statute. At least, the city had authority and power to proceed in matters of this kind, and in securing the written consent of the owner of the land and in enacting said ordinance the council acquired jurisdiction. It then follows that, the council having acquired jurisdiction and then proceeding to act in the premises, its acts were at least under color of law. If, then, the council proceeded under color of law, its acts cannot be questioned in a collateral proceeding.

In the case of City of Blackwell v. City of Newkirk, 31 Okla. 328, 121 Pac. 260, Ann. Cas. 1913E, 441, this court, speaking through Mr. Justice Hayes, said in part:

"Section 458 of Wilson's Rev. & Ann. St. provides that the city council may annex other territory adjacent to the city limits at such time as it shall be desirable, in the opinion of the council, to make such additions: 'Provided that in no case shall any additional territory, except when subdivided into tracts or parcels of less than five acres, with more than one resident thereon, be added to the city limits without the consent in writing of the owners of a majority of the whole number of acres owned by residents of the territory to be added: * * * Provided, that the tracts of land in excess of five acres used for agricultural purposes shall not be subject to city taxes.' This statute author-

izes cities of the first class to enlarge their corporate areas by annexing territory, and is, to that extent one for the organization of such corporations. City of Topeka v. Dwyer et al., 70 Kan. 244, 78 Pac. 417. Plaintiff seeks by this contention to attack in a collateral proceeding the corporate existence of the city as to these additions. That it cannot do so is well settled by the authorities.

"'Where a municipal corporation is acting under color of law, and its existence is not questioned by the state, it cannot be collaterally drawn in question by private parties; and the rule is not different, although the Constitution may prescribe the manner of incorporation. Article 43, 1 Dillon's Municipal Corporations (4th Ed.)

"For a period of about nine years the city of Newkirk has exercised municipal authority over these additions, levying and collecting taxes thereon, and doing all other things incidental to maintaining a municipal government. All these acts, including the ordinance of annexation, have been done under a statute authorizing cities of the first class to annex territory to their corporate limits, and there has been at least an organization under color of law, and a municipal corporation de facto exists therein at the present time. In the syllabus by the court in Railway Company v. Lyon County, 72 Kan. 16, 82 Pac. 519, 84 Pac. 1031, it is said: 'Where a a city of the second class has attempted by an ordinance to annex certain territory, and in pursuance thereof has exercised municipal authority over the same for eighteen years, levying and collecting taxes thereon, and treating it in all respects as an integral part of the municipal organization, the validity of the ordinance cannot be attacked in a collateral proceeding by a private party, who seeks to recover taxes levied upon property in such territory upon the ground that it is not a part of the city.'

"Other cases from the same court sustaining this proposition are McGrew v. Stewart, 51 Kan. 185, 32 Pac. 896; City of Topeka v. Dwyer et al., supra. The last-mentioned case is a well considered case, in which are collected so many authorities, both from that state and from the courts of other states, supporting the rule here applied that we deem it unnecessary to cite further authority, or to discuss the reasons upon which the rule is founded."

Finding no error, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.