LOWDEN et al. v. HOOPER,
County Treas.

No. 29871. April 1, 1941.

*112 P. 2d 172.*

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, all of Oklahoma City, for plaintiffs in error.

Milton Keen, County Atty., and R. H. Dunn, City Atty., both of Clinton, for defendant in error.

BAYLESS, J. Frank O. Lowden et al., trustees of the estate of the Chicago, R. I. & P. Ry. Company, a corporation, appeal from a judgment of the district court of Custer county denying them the recovery of certain taxes paid under protest.

In 1912, acting under authority of a law in existence in territorial days, and brought forward as section 817, C. L. 1909; 500, R. L. 1910; 4463, C. O. S. 1921; 6130, O. S. 1931, and 11 Okla. Stat. Ann. § 481, in slightly amended form, the city of Clinton annexed a part of section 11, township 12 N., range 17 W., lying north of the city, by ordinance No. 60. In this annexed territory the railway company then and now operates a line of tracks.

From 1913 to 1926, this property was returned for assessment and levy of ad valorem taxes as lying within the corporate limits of the city. In 1927 and 1928, railway company filed actions to question the location of the property with respect to the city boundaries. During all of this time and until 1936 the railway company or its trustees paid the ad valorem taxes levied against this property by the city of Clinton.

In 1936 plaintiffs paid under protest the taxes then due and brought this action to recover them as provided by section 12665, O. S. 1931, 68 Okla. Stat. Ann. § 263. The basis of their claim for recovery back is that the ordinance No. 60 is void, as not showing upon its face the facts from which it could be seen that the city had power or authority, under the statute, supra, to annex the territory described in the ordinance.

The city defended by denying the invalidity of the ordinance, and pleading laches, estoppel, and res judicata.

Upon trial the trial judge rendered judgment against plaintiffs.

Several propositions are presented and argued, and plaintiffs urge that the ordinance is clearly void under several decisions of this court, including Barton v. Stuckey, 121 Okla. 226, 248 P. 592, and Chickasha, etc., v. Rogers, 160 Okla. 164, 16 P. 2d 112.

We do not think it necessary to pass upon this issue in this case. We are impressed with the argument of the city that estoppel applies. If we should determine that the ordinance is subject to collateral attack, and should determine that proper grounds did not exist for the exercise of the power of annexation by the city, we should nevertheless feel that plaintiffs, and their cestui que trust, are estopped by their conduct and acquiescence to question the matter at this late date.

The general rule is, where a city has undertaken to exercise the power to annex territory and thereafter for a period of years exercises all of the powers and incidents of municipal control, including the assessment, levy and collection of ad valorem taxes, the validity of the annexation cannot be successfully attacked. McQuillin on Municipal Corporations (2d Ed.) vol. 1, p. 515, § 182, and page 846 et seq., §§ 306 and 307.

This rule has been applied in Oklahoma in several cases. Blackwell v. Newkirk, 31 Okla. 304, 121 P. 260; Gorby v. Gayman, 59 Okla. 73, 157 P. 939; and Peerless, etc., Co. v. City, 184 Okla. 335, 87 P. (2d) 118. In the last two cases the issue was raised by taxpayers who had paid taxes for many years on the assumption the annexation was valid.

The record in this case discloses that plaintiffs, or those in privity, paid taxes from 1913 until about 1926 without protest; that between 1927 and 1930, some controversy was made on the matter and litigation resulted, but the taxes were paid on until the present action was brought in 1936. In other words, plaintiffs and their privies acquiesced and paid taxes 22 or 23 years. Some effort was made to show that certain obligations had been assumed by the city in connection with the property annexed, but this is rather inconclusive. The city

urges that estoppel by judgment and res judicata are available to them by virtue of the judgments of dismissal in the three actions filed by plaintiffs (or their privies) in 1927, but we do not agree. The precise issue of illegality of annexation was tendered in those actions, but the trial court decided it lacked jurisdiction and dismissed. This will not support estoppel by judgment or res adjudicata. 34 C. J. 795, § 1214; and 30 Am. Jur. 944, § 208, and authorities cited. Estoppel applies, however, and on that basis the judgment must be affirmed.

Judgment affirmed.

CORN, V. C. J., and GIBSON, HURST, and ARNOLD, JJ., concur.