M. E. GOTTSCH, Administrator of the Es-
tate of Mattie Gottsch, deceased, et al.,
Plaintiffs in Error,

v.

Grace IRELAND et al., Defendants in Error.

No. 38785.

Supreme Court of Oklahoma.

Jan. 10, 1961.

to a certain tract of land located in Woods County, Oklahoma; second, partition of the property between the owners thereof according to their respective inherited interests; third, requiring the defendant M. E. Gottsch to render an accounting for the rents, issues and profits accruing from the property since the year 1940; fourth, an award of damages against M. E. Gottsch, individually and in his representative capacity as the personal representative of the Mattie Gottsch estate in the sum of $2,700, the wrongful conversion of the income from the property and withholding possession thereof from the plaintiffs; and, fifth, a judicial determination of the death and heirship of certain named parties appearing in the chain of title of the property involved and judgment quieting title to said property.

The defendant M. E. Gottsch, individually and as administrator, answered admitting the cotenancy of plaintiffs and his administration of the estate of Mattie Gottsch, deceased, but denied liability for an accounting and damages because no claim was presented in the probate proceeding of Mattie Gottsch's estate, and further alleged that the property involved was not subject to partition by reason of his homestead interest therein.

Upon these issues the trial court rendered judgment for the plaintiffs judicially determining the deaths and heirship of certain named decedents, the interest of all parties to the action and decreed partition and appointed commissioners, but denied plaintiffs the right to an accounting for the rents and profits accrued or accruing from said property.

Mauntel & Doolin, by John B. Doolin, Alva, for plaintiffs in error.

Ralph C. Hall, Medicine Lodge, Kan., F. M. Houts, Alva, for defendants in error.

JOHNSON, Justice.

This action was commenced on September 24, 1958, by petition in behalf of Grace Ireland, W. D. Ireland, Mary E. Dill, Geraldine Hays, Helen Swearingen, and Ruth Day against M. E. Gottsch as administrator of the estate of Mattie Gottsch, deceased, and M. E. Gottsch, et al., wherein they sought, first, the judicial determination of the interests of all parties to the action

The plaintiffs for themselves and M. E. Gottsch, individually and in his representative capacity, filed motions for new trial. The motions were overruled, resulting in cross-appeals to this court.

For reversal the plaintiff in error urges several assignments of error and argues them under three propositions, which we will discuss in the order presented.

■ The first proposition is that the District Court of Woods County did not have jurisdiction to quiet title and determine heirship before the lapse of three years after the death of Mattie Gottsch, citing in support of said proposition 84 O.S.1951 § 257; Draughon v. Wright, 200 Okl. 193, 191 P.2d 921; Gutensohn v. McGuirt, 194 Okl. 64, 147 P.2d 777, and State ex rel. Morrell v. Worten, 161 Okl. 130, 17 P.2d 424.

The defendants in error counter this proposition with the statement that said District Court did have jurisdiction to determine the facts concerning the heirship of a deceased person prior to the lapse of three years after the date of death, pursuant to its general powers to try the issues in an action to determine the ownership of real property, citing in support of their argument the following authorities: Baker v. Leavitt, 54 Okl. 70, 153 P. 1099; Clark v. Kinder, Okl., 269 P.2d 345; Henson v. Bryant, Okl., 330 P.2d 591; Lively v. Butler, 108 Okl. 225, 236 P. 18; Schultz v. Evans et al., 204 Okl. 209, 228 P.2d 626; Tancred v. Holuby, 124 Okl. 97, 254 P. 75; 12 O.S.1951 § 1141; 84 O.S.1951 § 257, and 34 C.J., Sec. 1363; 50 C.J.S. Judgments § 738.

The record discloses that Albert B. Ireland died intestate on August 15, 1928; that at that time he owned the fee simple title to the NE¼, Section 6, Twp. 25 N., Range 13, W.I.M., located in Woods County, Oklahoma, which is the subject matter of this litigation and which descended under the laws of succession of this State in equal undivided shares to his two brothers, Thomas Ireland and Steve Ireland. His brother Thomas Ireland and his wife Mattie (now Gottsch) continued to reside on the farm or land in question, and no administrative proceedings were instituted on the estate of the said Albert B. Ireland.

Subsequently on January 26, 1932, Steve Ireland died intestate while a resident of Barber County, Kansas, and at his death he still owned his one-half undivided interest in the farm in question. Thereupon his heirs, under the law of intestate succession of Oklahoma, inherited Steve's undivided interest in the farm as follows: his widow, Grace, an undivided ⁵⁄₁₅ths, and his children, W. B. Ireland, Mary E. Dill, Geraldine Hays, Helen Swearingen and Ruth Day, each an undivided ²⁄₁₅ths interest.

On July 11, 1932, Thomas Ireland died intestate, a resident of Woods County, Oklahoma, seized of his undivided one-half interest in the farm in controversy. His one-half interest descended to his widow, Mattie (Gottsch) who continued to live upon and farm the entire 160-acre tract. Mattie Ireland, after (Thomas Ireland's) her husband's death, married M. E. Gottsch, and she and he lived on the farm for approximately thirteen years prior to her death on March 5, 1958, and he has continued to live on said farm.

Mr. Gottsch on March 14, 1958, filed his petition for letters of administration upon the estate of his wife, Mattie Gottsch, formerly Mattie Ireland, wife of the deceased Thomas Ireland. He was duly appointed administrator by the County Court of Woods County. On January 2, 1959, the County Court ordered and decreed that an undivided one-half interest in the farm be set aside as the homestead of M. E. Gottsch.

This case is distinguishable from the cases cited by Gottsch in support of his contention that the District Court did not have jurisdiction over the subject matter prior to the lapse of three years after the date of the death of Mattie Gottsch. Moreover, said cases are not in point. In the instant case, Albert B. Ireland held the record fee simple title to the farm involved herein until his death in 1928, and all persons who (as hereinbefore noted) subsequently acquired any interests in the farm have done so through inheritance, immediately or remotely, from that common source, and no administration proceedings of the estate of Albert B. Ireland were had or are pending in the county court. However, the objections made herein to the jurisdiction of the District Court to enter-

tain the partition and quiet title action are identical to those made on that issue in the case of Clark v. Kinder, Okl., 269 P. 2d 345, 348, wherein this Court said:

"This brings us to the principal ground. Plaintiff's main argument is that the district court did not have jurisdiction to order partition and sale of the property in the partition suit, and the principal objection is that the petition showed that the administration of the estate of Margaret S. Clark was pending in the county court, and, therefore, the district court did not have jurisdiction. The facts as to this were that the partition suit was filed by Ray Clark, a minor, by John J. Davis, his next friend, and by Orlando Clark, an incompetent, by John J. Davis, his guardian. Orlando Clark had inherited a ⅖ths interest in the property from his father, William Clark. George Clark, the father of Ray Clark, had also inherited ⅖ths interest as a son of William Clark, deceased, and Ray had inherited his father's ⅖ths interest. The two plaintiffs therefore owned ⅘ths interest in the property. The defendant, Minnie Clark Williams, had inherited a ⅖ths interest from her father, William Clark. Minnie Clark Williams was also the administratrix of the estate of Margaret S. Clark, widow of William Clark, deceased, and she filed an application to intervene and join as party defendant. A different question would be presented if this was the estate of Margaret S. Clark that was involved in the partition suit and owned the land that was being partitioned. However, this is not so, because the partition was of the property inherited from the father, William Clark, and there were no pending administration proceedings upon the estate of William Clark.

"We have held that the district court has jurisdiction in partition suits. The rights of a cotenant cannot be suspended because of the death of a tenant in common. The right of partition is absolute. Thomsen v. Thomsen, 196 Okl. 539, 166 P.2d 417, 164 A.L.R. 1426."

We deem it unnecessary to discuss other cases cited herein by the parties plaintiff and defendants, and hold that the District Court had jurisdiction in the matter.

■ Gottsch's second proposition is that the District Court of Woods County erred in assuming jurisdiction in this matter for the reason that the matter was res judicata.

The record discloses that after the death of Mattie Gottsch on March 5, 1958, the plaintiffs in this action brought a suit in the District Court of Woods County, which was cause No. 19096. In that case plaintiffs asked for practically the same relief as in the instant case. After the issues were joined, the court on July 2, 1958, entered an order of dismissal on the grounds that the district court was without jurisdiction to decree partition and determine the interests of the owners of the property at that time. The order of dismissal became final, and no appeal was perfected in said case. On September 24, 1958, the plaintiffs brought this present action, and it is here contended that the final order of dismissal in a case involving the same parties and the same issues operates as a bar to any other action involving the same facts unless reversed or modified on appeal. Citing Gutensohn v. McGuirt, supra, in support of that contention.

The plaintiffs contend that the principle of res judicata, while generally applicable to jurisdictional issues, will not apply to dismissal of a case by the court for want of jurisdiction without adjudication of the merits so as to bar a subsequent suit on the same cause of action.

It is unquestioned that the first action was dismissed for jurisdictional reasons, and the issues joined by the pleadings were never tried. No evidence was submitted, and no judgment upon the merits was rendered.

We agree with plaintiffs' contention. A dismissal for want of jurisdiction will

not prevent a new suit on the same cause of action. 17 Am.Jur., Dismissal, etc., page 166, Sec. 96, and Lowden v. Hooper, 188 Okl. 595, 112 P.2d 172.

In Lowden v. Hooper, supra, it is stated at page 173 of 112 P.2d:

"* * * City urges that estoppel by judgment and res judicata are available to them by virtue of the judgments of dismissal in the three actions filed by plaintiffs (or their privies) in 1927, but we do not agree. The precise issue of illegality of annexation was tendered in those actions, but the trial court decided it lacked jurisdiction and dismissed. This will not support estoppel by judgment or res adjudicata."

Gottsch's third and final proposition is that the court erred in decreeing the partition of the lands which he claimed as his homestead. And, as a counter-proposition plaintiffs contend and argue that a partition sale may be made of premises owned by two or more persons notwithstanding a part thereof constitutes the homestead of one of the cotenants or of her surviving spouse.

There is a source of confusion or apparent conflicts in the law of partition as applied to homestead interest, which arises out of the failure to separate and distinguish cases of homestead rights attaching merely to the undivided interest of a cotenant from cases where such rights are held in respect of or constitute a claim or encumbrance against all fee interests. If the homestead exists only in favor of the spouse or family of a cotenant, it is clear that other cotenants have a right of partition superior to the homestead interest. The homestead in such case is no more effectual to prevent partition than the undivided interest to which it is limited.

A tenant in common will be allowed his homestead in the common property as against claims of creditors, but not as against the claims of his cotenants so as to defeat their right to partition or an accounting for rents and profits received

by him. The right of partition, which includes the right to an accounting, is paramount to the occupying cotenant's claim of homestead in the common property because, as between cotenants, the ultimate interest and right of each in and to the common property depends upon on adjustment of equities between him and his cotenants. Tedder v. Tedder, 115 S.C. 91, 104 S.E. 318; Cooper v. Long, 93 Okl. 239, 220 P. 610, and Banner v. Welch, 115 Kan. 868, 225 P. 98.

In Cooper v. Long, supra, this court cited with approval and quoted the general rule as found in 29 C.J., Homesteads, page 849, Sec. 167, as follows:

"This rule is subject, of course, to the qualification that the tenant in common or joint tenant can obtain no such homestead interest as will interfere with the rights or interests of his cotenant, or any person rightfully claiming under his cotenant." [93 Okl. 239, 220 P. 612].

And in Tedder v. Tedder, supra, that court stated in paragraph 10 of the syllabus as follows:

"A claim of homestead will not defeat cotenants' right to partition for accounting for rents and profits; their rights requiring equitable adjustment."

In the body of the opinion in that case it was stated:

"A tenant in common will be allowed his homestead in the common property as against the claims of his creditors, but not as against the claims of his cotenants, so as to defeat their right to partition, or an accounting for rents and profits received by him. The right of partition, which includes the right to such accounting, is paramount to the occupying cotenant's claim of homestead in the common property, because, as between cotenants, the ultimate interest and right of each in and to the common property depends upon an adjustment of the equities between him and his cotenants."

██ However, in this connection, Gottsch in his brief calls our attention to various cases in which this court has held that homestead premises cannot be judicially partitioned or sold through partition proceedings while they retain the homestead character. But these cases can all be distinguished from the case at bar in that in each of them the homestead claim touches or includes all interests to be partitioned. For an annotation on the subject of a "Homestead right as affecting Partition," see 140 A.L.R. 1170, and West's Digest under subject Homestead, 

 The plaintiffs in briefing the subject matter of their cross-appeal interpose what they term as a fourth proposition to the effect that "(O)ne cotenant may have an accounting for rents and profits received as an incident of a partition suit"; and as indicated in our discussion relative to an accounting under Gottsch's third proposition, we agree. .

It is noted that plaintiffs in their second cause of action alleged the right to an accounting for the wrongful withholding of the possession of said premises from them and prayed that such be allowed.

The trial court refused to admit plaintiffs' proffered evidence on that issue and sustained Gottsch's objections and without hearing evidence thereon found specifically that plaintiffs were not entitled to any relief on the accounting phase of plaintiffs' action and rendered judgment against them denying them the right to any accounting for rents and profits arising from the use of the property.

The court's refusal to receive evidence on that issue was for the reason that the homestead right of Mr. Gottsch and his wife would be a bar to such an action. We do not agree. Likewise, if the reasoning of the court was based upon the substance of Gottsch's counsel which was that no creditor's claim had been filed in the Mattie Gottsch estate, then that ruling is in direct conflict with our holding in Donnell v. Dansby, 58 Okl. 165, 159 P. 317, 318, wherein we said:

"Section 6346, Revised Laws, 1910, requires that all claims must first be presented to the executor or administrator before an action can be maintained thereon; and it is claimed that by reason thereof, the plaintiff's cause of action is barred. Plaintiffs were not creditors of deceased, but are seeking an accounting of a trust fund held by him, which he had wrongfully misappropriated. We are justified in saying this because it is shown that none of this fund came into the hands of this administrator. There was no contractual relation existing between them, but the relation was one created and governed by law."

The claims in this case were not based upon contract, but the claims were such as arose out of a tort or wrongful act of the deceased. American Trust Co. v. Chitty, 36 Okl. 479, 129 P. 51; United States Fidelity & Guaranty Co. v. Krow, 184 Okl. 444, 87 P.2d 950. And the holding of the court on this portion of plaintiff's action was clearly erroneous.

The court's judgment as to plaintiffs' second cause of action is reversed for further proceedings on that issue not inconsistent with the views herein expressed. Otherwise the judgment is affirmed.

Judgment affirmed in part and reversed in part.

WILLIAMS, C. J., and DAVISON, HALLEY and JACKSON, JJ., concur.

BLACKBIRD, V. C. J., and WELCH, IRWIN and BERRY, JJ., concur in part and dissent in part.