WINSTON INDUSTRIES, INC., a corporation, Petitioner,

v.

The DISTRICT COURT OF the State of Oklahoma, SEVENTH JUDICIAL DISTRICT, OKLAHOMA COUNTY, et al., Respondents.

No. 50506.

Supreme Court of Oklahoma.

Feb. 15, 1977.

Monnet, Hayes, Bullis, Thompson & Edwards by Ronald L. Howland, Oklahoma City, for petitioner.

Pierce, Couch, Hendrickson & Short by Rod L. Cook, Oklahoma City, for respondents.

BARNES, Justice:

Petitioner, a foreign corporation and co-defendant in a tort action, seeks a Writ of Prohibition against Respondents, claiming a lack of in personam jurisdiction. We deny the Writ and affirm the Trial Court's denial of a motion to quash service of process.

Summarized, the facts are as follows: Plaintiff, Wanda Allen, hereinafter referred to as "Respondent Allen", filed an amended petition in the Trial Court consisting of two causes of action, alleging a manufacturer's products liability defect in the construction of its mobile home. The first cause of action was against Defendant, B. J. Coleman, d/b/a H & H Storage and Transfer Company, and L. C. Mitchell, who allegedly agreed to transport a mobile home from Criner, Oklahoma, to Lexington, Oklahoma, and was for damages suffered by reason of their alleged negligence in moving said mobile home. The second cause of action was against Petitioner, Winston Industries, Inc., for damages flowing from an alleged defective manufacture of the mobile home. The second cause of action alleged Petitioner manufactures and sells mobile homes that it expected would reach consumers in the condition sold.

Respondent Allen caused summons to be issued and served on Petitioner, a corporation organized and existing under and by virtue of the laws of Alabama and having its offices in Lyndhurst, Ohio. Petitioner filed its Special Appearance and Motion to Quash Summons and Plead to Jurisdiction for lack of personal jurisdiction over it. After submission of briefs and hearing arguments of counsel, Respondent Judge Cannon overruled and denied the Motion to Quash, as reflected by the Court's Order of December 30, 1976.

In this original proceeding Petitioner seeks a Writ of Prohibition, alleging the summons was void and that the District Court of Oklahoma County obtained no jurisdiction over it because there was not sufficient basis for jurisdiction for the reason that Respondent Allen failed to allege Petitioner committed any acts or business transactions within Oklahoma and, therefore, Petitioner is not subject to the long-arm provisions of 12 O.S.1971, § 187, or § 1701.03.

In the instant case Petitioner engaged in the manufacture and distribution of Crimson Mobile Homes, for sale to and use by the general public as consumers of mobile homes. Petitioner alleges it has not done business in Oklahoma, that it has no manufacturing or other facilities of any kind located in Oklahoma, owns no stock of any corporation doing business in Oklahoma, maintains no accounts or funds in Oklahoma, and has no agents, servants, or employees that are located in Oklahoma in furtherance of any business affairs of Petitioner.

Petitioner cites a number of cases to support its position that it was not doing business in Oklahoma and that it did not have the requisite "minimum contacts" required for personal jurisdiction over it. From our review, we must agree with Petitioner that this is not a case for application of "minimum contacts theory" as basis for jurisdiction. However, we think the Nevada case of *Metal-Matic, Inc. v. Eighth Judicial District Court*, 82 Nev. 263, 415 P.2d 617 (Nev.1966), suggests an additional ground for assuming jurisdiction.

*Metal-Matic, supra,* involved a Minnesota corporation that manufactured a boat railing that allegedly collapsed and caused decedent to drown. The boat with railing was assembled in Minnesota and shipped from there to the distributor in Nevada. The Nevada Supreme Court said therein:

" * * * In our case, a manufacturer of a component part of a boat can presume or reasonably foresee that its potential market would be Lake Mead or Lake Tahoe, in Nevada, as well as the lake areas of Minnesota, Wisconsin, Michigan, or in any other part of the United States where navigable lakes or waters are located. It should not matter that the purchase was made from an independent middleman or that someone other than the defendant shipped the product into this state. *Gray,* supra, 176 N.E.2d at 766.

* * * * * *

"*Where it is reasonably foreseeable that a product will enter the flow of commerce, the manufacturers of that product can expect to be sued in any state where the product is alleged to have caused an injury. This is without regard to how many hands have touched the product from its production to the time or place of the injury.* Whether it be labeled a minimal contact within the forum state if the litigation concerns a commercial transaction, or a one act tort, *the effect is the same, i. e., jurisdiction in the forum state attaches. * * *" (Emphasis ours)

*Metal-Matic, supra*, discusses the case of *Gray v. American Radiator Standard Sanitary Corp.*, 22 Ill.2d 432, 176 N.E.2d 761 (1961), and concludes the rationale of *Gray* rules *Metal-Matic.* As was pointed out in *Gray, supra*:

"* * * the trend in defining due process of law is away from the emphasis on territorial limitations and toward emphasis on providing adequate notice and opportunity to be heard: from the court with immediate power over the defendant, toward the court in which both parties can most conveniently settle their dispute."

 While a reading of *Metal-Matic, supra*, indicates the holding therein is based on a specific statute that allows service of process on foreign manufacturers in an action to recover damages for injury to persons or property resulting from that manufacturer's direct or indirect distribution, sale or use of its product within the State, we think the Court's language therein applicable to the instant case. This is so because our long-arm statute has been construed by this Court to extend jurisdiction of the Oklahoma courts to the outer limits permitted by the due process requirements of the United States Constitution.[1]

Furthermore, recent cases of the United States Supreme Court have minimized the nature of the contacts required and place more emphasis upon "fair play and substantial justice" aspects of jurisdiction.

 We conclude that under the Oklahoma long-arm statutes Oklahoma may acquire jurisdiction over a foreign manufacturer of a product which it reasonably may expect to enter interstate commerce, which does enter interstate commerce, and because of the alleged defect causes damage to the plaintiff in Oklahoma.

Writ denied.

All the Justices concur.

---

1. *Fields v. Volkswagen of America, Inc.*, 555 P.2d 48 (Okl.1976); *Vemco Plating Inc. v. Denver Fire Clay Co.*, 496 P.2d 117 (Okl.1972); and *Hines v. Clendenning*, 465 P.2d 460 (Okl.1970).