**SMITH LIGHTING SALES, INC., a corporation, Plaintiff,**

v.

**Edward J. BLAHUT, d/b/a B & E Tooling and Machining, Defendant.**

**No. CIV–77–0979–D.**

United States District Court,
W. D. Oklahoma.

Feb. 21, 1978.

David R. Dickey, Oklahoma City, Okl., for plaintiff.

M. Joe Crosthwait, Jr., Midwest City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This is an action for alleged breach of express and implied warranties in connection with defective lowering devices manufactured by Defendant and installed on certain light poles at the Federal Correctional Institution in El Reno, Oklahoma. Plaintiff is an Oklahoma corporation with its principal place of business in Oklahoma; Defendant is an Illinois citizen. It is asserted that this Court has jurisdiction of the action under 28 U.S.C. § 1332 by reason of diversity of citizenship and amount in controversy. The matter is now before the Court on Defendant's Motion to Dismiss this action pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure, on the ground that this Court lacks jurisdiction over the person of the nonresident Defendant.

In support of his Motion to Dismiss, Defendant asserts that the contract between the parties was negotiated and entered into in Illinois; Defendant has never done business in Oklahoma; Defendant was a "passive seller" of the devices in question as he did not solicit business or maintain an agent in Oklahoma; the sale was solicited by Plaintiff; Defendant originally manufactured the devices for sale within Illinois; and Defendant's obligation under the contract was to prepare the devices at his shop in Illinois for the Plaintiff to pick up or to

ship the devices collect to Plaintiff in Oklahoma.

Plaintiff opposes the instant Motion to Dismiss and contends that the Defendant is subject to the in personam jurisdiction of this Court under the Oklahoma long-arm statutes as Defendant has transacted business in Oklahoma, contracted to supply services or things in this state, and has manufactured and distributed a product sold in the regular course of business and used within this state. Plaintiff represents that Defendant manufactured the devices involved in this action in accordance with the Plaintiff's plans and specifications and with the knowledge that the devices were to be installed on light poles in the Federal Correctional Institution in El Reno, Oklahoma; Defendant furnished Plaintiff with instructions for the installation of the devices and, when the originally installed devices failed to work, came to El Reno to supervise the reinstallation of said devices; and that when the reinstalled devices did not work properly, Defendant went to his shop in Illinois to manufacture automatic locking devices and returned to El Reno to assist in the installation of the automatic locking devices. Plaintiff contends that the Defendant has had sufficient contacts with Oklahoma to be subjected to the in personam jurisdiction of this Court.

■ The amenability of a nonresident defendant to a diversity suit is to be determined in accordance with the law of the state where the federal district court sits. *See Perkins v. Benguet Consolidated Mining Co.,* 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952); *Burchett v. Bardahl Oil Co.,* 470 F.2d 793 (Tenth Cir. 1972); *Sumners v. Continental Copper & Steel Industries, Inc.,* 445 F.2d 141 (Tenth Cir. 1971); *Doyn Aircraft, Inc. v. Wylie,* 443 F.2d 579 (Tenth Cir. 1971).

■ Oklahoma's "long-arm" statutes[1] were intended to expand the proper exercise of in personam jurisdiction by Oklahoma courts over nonresidents to the outer limits permitted by the due process require-

ments of the United States Constitution. *See, e. g., George v. Strick Corp.,* 496 F.2d 10 (Tenth Cir. 1974); *Burchett v. Bardahl Oil Co., supra; Standard Life & Accident Insurance Co. v. Western Finance, Inc.,* 436 F.Supp. 843 (W.D.Okl.1977); *Jem Engineering & Manufacturing, Inc. v. Toomer Electrical Co.,* 413 F.Supp. 481 (N.D.Okl.1976); *Winston Industries, Inc. v. District Court of Seventh Judicial District, Oklahoma County,* 560 P.2d 572 (Okl.1977); *Fields v. Volkswagen of America, Inc.,* 555 P.2d 48 (Okl. 1976); *Curtis v. CIA Machinery Inc.,* 571 P.2d 862 (Okl.Ct.App.1977).

The contemporary constitutional standard for in personam jurisdiction over a nonresident is the "minimum contacts" test as set forth in *International Shoe. Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), under which such jurisdiction was said not to violate due process if the defendant has certain minimum contacts with the forum state, "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Id.* 326 U.S. at 316, 66 S.Ct. at 158, 90 L.Ed. at 102. The Court indicated that a state may assert in personam jurisdiction over a nonresident, as to satisfy the demands of due process, if the nonresident "contacts" have such a relationship with the state that it is reasonable, in the context of our federal system of government, to require the nonresident to defend the particular suit which is brought there. *Id.* 326 U.S. at 317, 90 L.Ed. at 102. The Supreme Court extended this "minimum contacts" notion to its farthest limits in *McGee v. International Insurance Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), by finding in personam jurisdiction in California over a Texas corporation through one insurance contract with the California resident plaintiff. Realizing that such a defendant would be practically judgment proof against small claimants due to the hardship involved in litigating their claims in a distant state, the Court reasoned that because the activities of many corporations were becoming national in scope, an equivalent

---

1. 12 Okl.Stat.Supp.1977, § 187 and 12 Okl.Stat. 1971, § 1701.03.

expansion of the limits of state court jurisdiction was necessitated. The Court, however, in *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), after noting the trend of expanding personal jurisdiction over nonresidents, stated that the state's expanding power did not herald "the eventual demise of all restrictions on the personal jurisdiction of state courts." *Id.* 357 U.S. at 251, 78 S.Ct. at 1238, 2 L.Ed.2d at 1296. In *Hanson* the Court announced the principle that in considering the "minimum contacts" test of *International Shoe Co. v. Washington, supra,* the "rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum *State,* thus invoking the benefits and protections of its laws." *Id.* 357 U.S. at 253, 78 S.Ct. at 1240, 2 L.Ed.2d at 1298.

In view of the foregoing, the Court concludes that the sale by Defendant of devices that were shipped into Oklahoma provides this Court with in personam jurisdiction over the Defendant. In personam jurisdiction has been upheld in Oklahoma where the nonresident defendant was a seller who has shipped goods into Oklahoma, even where such shipment was an isolated or infrequent occurrence. *See Jem Engineering & Manufacturing, Inc. v. Toomer Electrical Co., supra; Vemco Plating, Inc. v. Denver Fire Clay Co.,* 496 P.2d 117 (Okl. 1972); *Vacu-Maid, Inc. v. Covington,* 530 P.2d 137 (Okl.Ct.App.1974). In the instant case, Plaintiff's allegations in its Complaint that the parties entered into a contract whereby the Defendant agreed to manufacture the devices to be installed at the Federal Correctional Institution in El Reno and that the Defendant manufactured and delivered said devices for installation in this state are sufficient to subject the Defendant to the in personam jurisdiction of this Court pursuant to 12 Okl.Stat.1971, § 1701.-03(a)(2).[2]

2. § 1701.03 *Bases of jurisdiction.*

"(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action or claim for relief arising from the person's:

Accordingly, Defendant's Motion to Dismiss for lack of jurisdiction over the person of the Defendant should be overruled.

Defendant is directed to file its Answer to Plaintiff's Complaint within 20 days of this date.

\*  \*  \*  \*  \*  \*

(2) contracting to supply services or things in this state;"