Virginia SWAN d/b/a Ball Trucking Co., Appellant,

v.

SARGENT INDUSTRIES, a foreign corporation, Appellee.

No. 53805.

Court of Appeals of Oklahoma, Division No. 1.

Aug. 19, 1980.

Rehearing Denied Sept. 30, 1980.

Certiorari Denied Nov. 7, 1980.

Approved for Publication by Supreme Court Nov. 10, 1980.

Released for Publication by Order of Court of Appeals Nov. 13, 1980.

Bourk & Gardenhire by Gary W. Gardenhire, Oklahoma City, for appellant.

Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick by Jim K. Goodman and Judy G. Hamilton, Oklahoma City, for appellee.

ROMANG, Judge:

This Plaintiff–Appellant sued this Defendant–Appellee on the same cause of action in 1976. The action was dismissed for lack of personal jurisdiction over the Defendant, a foreign corporation, who had filed a special appearance. On the filing of the present action the Defendant specially appeared pleading the earlier order as *res judicata* and again urging that the Oklahoma courts lack jurisdiction over this breach of warranty action under the U.C.C. The District Court ruled it had jurisdiction originally but that its earlier decision barred review of the personal jurisdictional issue. Plaintiff appeals arguing there is personal jurisdiction and that collateral review is not precluded by the prior determination. The issues are well briefed and the answer, surprisingly, not as simple as might be thought.

We will address the issue of collateral estoppel first since if relitigation is foreclosed our opinion on the jurisdictional issue is moot.

The Restatement of the Law of Judgments § 9 states:

"Where a defendant appears in an action to object that the court has no jurisdiction over him and the court overrules the objection and judgment is rendered against him, the parties are precluded from collaterally attacking the judgment on the ground that the court had no jurisdiction over the defendant."

Oklahoma cases clearly reflect this view. See one of the latest statements in *State v. Corporation Comm'n*, Okl., 590 P.2d 674 (1979). See also James, Civil Procedure, at 536 (1965), and Vestal, Res Judicata/Preclusion, at V–258 (1969).

We have extensively reviewed the Oklahoma cases (some discussed *infra*) and the development of the rule otherwise. It is interesting to note that virtually all the cases reviewed deal with the normal situation addressed in the Restatement of Judgments, *supra*, where the court in the first action finds it has jurisdiction over the defendant and he is precluded from collaterally attacking jurisdiction. Another series of cases deal with the court's determination of subject matter jurisdiction. It is, of course, the law that a special appearance to challenge the court's personal jurisdiction is a submission to the jurisdiction of the court for purposes of determining jurisdiction, and any error in that determination can only be directly attacked by way of appeal or an application for a writ of prohibition.

Most of the foreign precedents deal with general common law of the federal courts, see *e. g. Baldwin v. Iowa State Traveling Men's Ass'n*, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1932), or federal full faith and credit issues. Since 28 U.S.C. § 1738 provides essentially that the judgment of a court of one state has the same effect everywhere as it has where rendered, the critical issue in those cases is what effect the judgment had where issued. See Restatement of the Laws, Conflict of Laws (Second) § 96. The *Baldwin* case, while cited with approval in *Consolidated Motor Terminal v. Vineyard*, 193 Okl. 388, 143 P.2d 610, 614 (1943), is persuasive only. And since we deal with the effect of an Oklahoma order of dismissal, in Oklahoma the full faith and credit cases are inapposite.

Put plainly, our issue is whether a court's prior order of dismissal for lack of personal jurisdiction after the defendant's special appearance precludes relitigation of that issue in subsequent proceedings based on the same jurisdictional facts.[1] Plaintiff argues that two Oklahoma cases stand for the proposition that relitigation after dismissal for lack of jurisdiction is permitted. *Lowden v. Hooper*, 188 Okl. 595, 112 P.2d 172 (1941), and *Gottsch v. Ireland*, Okl., 358 P.2d 1097 (1961). The Defendant counters with *Fitzsimmons v. City of Oklahoma City*, 192 Okl. 248, 135 P.2d 340 (1943); *Flick v. Crouch*, Okl., 434 P.2d 256 (1967); and *Hines v. Superior Court*, Okl., 435 P.2d 149 (1967), which generally endorse the broad concept of issue preclusion on jurisdictional issues and the latter two of which cite Plaintiff's cases in support of this broad rule. It is noteworthy that all these cases dealt with some form of subject matter jurisdiction. While our cases do not draw, and have not had occasion to draw, a distinction between personal and subject matter jurisdiction for current purposes, we note the Restatement of Judgments § 10 adopts a policy balancing the policies behind finality of litigation against the policies limiting a court's subject matter jurisdiction. We now turn to a consideration of the primary cases.

Plaintiff's reliance on *Lowden v. Hooper, supra*, is misplaced. *Lowden* dealt with a taxpayer challenge to a city annexation order. The primary holding was that the actions of the taxpayer estopped it from questioning the ordinances. The Court did refer to the City's contention that the dismissal for want of jurisdiction of three prior actions in which the legality of annexation was an issue was not *res judicata*. But the context clearly indicates that the issue sought to be precluded was the unlitigated one of annexation and not the issue of jurisdiction.

In *Fitzsimmons v. City of Oklahoma City, supra*, the Supreme Court stated that the

> ". . . adjudication of the jurisdictional facts in a domestic judgment by a court having jurisdiction of the general subject matter is conclusive in a collateral proceeding attacking such judgment by attempting to again put such facts in issue." 135 P.2d at 342.

1. The doctrine of *res judicata* encompasses the three doctrines of merger, bar and estoppel. There is no thought here that the cause of action is itself merged into or barred by the prior order of dismissal. The action may, depending on applicable statutes of limitation, be brought elsewhere. The problem is whether the prior order raises an estoppel to relitigation of that issue–a problem currently referred to as issue preclusion.

But the issue there concerned the effect of a prior judgment based on a statute subsequently ruled unconstitutional. In context the broad language is limited by the facts before the court. Additionally, the present jurisdictional issue seeks reassessment as to whether the facts justify the assertion of personal jurisdiction.

The next case chronologically is *Gottsch v. Ireland, supra.* It is the interpretation of this case which ultimately decides the case on review. In *Gottsch* the plaintiffs in the prior action sought partition and determination of heirs and the action was dismissed because the District Court determined it lacked "jurisdiction to decree partition and determine the interests of the owners of the property at that time." 358 P.2d at 1100. This was apparently due to the District Court's view that under 84 O.S. § 257, as it then read, vested exclusive jurisdiction in the County Court as a probate court for a period of time. Three months later the second action was filed in the same District Court. The Supreme Court agreed with the Plaintiffs that "[a] dismissal for want of jurisdiction will not prevent a new suit on the same cause of action." Citing, *inter alia*, 17 Am.Jur. *Dismissal* § 96 now 46 Am.Jur.2d *Judgments* § 500 and *Lowden v. Hooper, supra*, 358 P.2d at 1100–1101.

In *Flick v. Crouch, supra*, the Supreme Court cited *Gottsch* and *Lowden, inter alia*, for the proposition that

"[a] dismissal of an action on the sole ground that the court is without jurisdiction of the subject—matter (sic) of the suit is ordinarily regarded as a conclusive determination *only* of the fact that the court lacks jurisdiction. It does not generally operate as an adjudication of the 'merits' and will not bar relitigation of the same cause or of any question material to its merits." (Emphasis original.) 434 P.2d at 261.

The issue in *Flick* concerned a trial court's dismissal of an action because jurisdiction belonged exclusively to the State Industrial Court. We agree with Plaintiff that the Court's reference cited above is technically *dicta*. As a studied statement of the mean-

ing of *Gottsch*, however, it cannot be said to be totally irrelevant.

A similar discussion citing *Gottsch* and *Lowden* occurred in *Hines v. Superior Court, supra.* Indeed, the language from *Flick* quoted above is repeated in *Hines.* 435 P.2d at 151. In *Hines* the Industrial Court dismissed the case for lack of jurisdiction because it held a kitchen was not a workshop under the Act. The issue was whether the Industrial Court's dismissal was a bar to a personal injury action in Superior Court. The Court's reference to *res judicata* was not *dicta* in this case. It was important to know the legal consequences of the Industrial Court's dismissal for lack of jurisdiction on the merits before the Superior Court. The answer was that the dismissal had no effect on the merits but was preclusive on the issue of the Industrial Court's jurisdiction.

In 46 Am.Jur.2d *Judgments* § 500 it is stated

"[a] former adjudication is regarded as not being on the merits, within the scope of the doctrine of res judicata, where it was based upon the fact that the court lacked jurisdiction. Consequently, the general rule is that a judgment for the defendant based on lack of jurisdiction does not bar the plaintiff from bringing another action on the same cause in another court having jurisdiction. [Footnote citing *Gottsch* omitted.] However, even though a judgment disposes of the action without a determination of the merits of the cause of action, it is nevertheless conclusive as to the issues or technical points actually decided therein, and this rule has been applied to a judgment based on want of jurisdiction, so as to render conclusive the prior court's determination of its lack of jurisdiction, as well as questions material to the issue of jurisdiction and actually decided by the judgment." [Footnotes omitted].

See also Anno., Res Judicata Effect of Judgment Dismissing Action, or Otherwise Denying Relief, For Lack of Jurisdiction or Venue, 49 A.L.R.2d 1036, 1040 and 1051 (1956). We find a similar statement in

comment 6 to § 49 of the Restatement of Judgments where it is written that "[a]lthough where the judgment for the defendant is not on the merits, the plaintiff is not precluded from maintaining a new action on the same cause of action, he is precluded from relitigating the very question which was litigated in the prior action."

None of the Oklahoma cases deal with a prior dismissal for want of personal jurisdiction. In *Hutchings v. Zumbrunn*, 86 Okl. 226, 208 P. 224, 226 (1922), the Court in *dicta* noted that sustaining a demurrer for want of personal jurisdiction did not preclude a subsequent suit on the cause of action but did preclude relitigation of the jurisdictional issue. *Lowden* doesn't seem to be a case actually relying on *res judicata*. In *Fitzsimmons* the question was the effect of a final judgment based on an unconstitutional statute. And *Flick* and *Hines* dealt with a determination of subject matter jurisdiction where another proper court existed in Oklahoma to adjudicate the merits.

The Court in *Gottsch* does not indicate what the reason was for the earlier dismissal for want of jurisdiction. In context, we have supplied a hypothetical reason based on the supposed exclusive jurisdiction of the County Court. Nor are we told that the subsequent assertion of jurisdiction by the same District Court was based on new or unlitigated facts or, as in our case, a reevaluation of the law applied to admitted facts.

■ We believe the *Hines* application of *Gottsch* clarified the *Gottsch* rationale or, to the degree the two cases are inconsistent, *Hines* overruled *Gottsch*. In *Hines* the Court held that the Industrial Court's dismissal for lack of subject matter jurisdiction did not prevent the District Court from entertaining a personal injury action because the Industrial Court's dismissal finally adjudicated only its own jurisdiction. It seems to follow, as indicated by other authority already cited, that while a dismissal for want of personal jurisdiction over the defendant does not preclude *litigation* of the merits before a court of proper jurisdic-

tion that it does preclude *relitigation* of the question of the court's jurisdiction at that time. It does not prevent a court acquiring jurisdiction by virtue of subsequent facts, e. g. later personal service on the defendant while he is present in the state.

This accords with the basic principle of *res judicata* to preclude relitigation of matters once decided. It also is fair to the defendant who would otherwise be told: If you specially appear and lose you are bound but if you win the plaintiff may have another go at the jurisdictional question.

■ In the case on review no new facts were alleged. The purported change was a perceived liberalization of the reach of Oklahoma's "long–arm" in *Winston Industries, Inc. v. District Court*, Okl., 560 P.2d 572 (1976). Like the District Judge, we hold that the prior determination that the District Court had no personal jurisdiction was binding on these parties. The dismissal is accordingly affirmed.

AFFIRMED.

REYNOLDS, P. J., and BOX, J., concur.