JOHN M. STEWART, APPELLANT, V.
ELLIOTT S. HECHTMAN, APPELLEE.
581 N.W. 2d 416

Filed July 10, 1998.  No. S-97-087.

Lee R. Terry, of Terry & Kratville, for appellant.

Michael J. Mooney, Jr., and Jay H. Greathouse, of Fraser, Stryker, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

MCCORMACK, J.

This is an appeal from the order of the district court for Douglas County, Nebraska, dismissing John M. Stewart's neg-

ligence action for lack of personal jurisdiction. Following a one-vehicle motorcycle accident occurring in North Carolina, Stewart sued Elliott S. Hechtman in the district court for Douglas County, serving him by certified mail at his home in Sarasota, Florida. Hechtman filed a special appearance, challenging the court's jurisdiction over him. The special appearance was sustained. Stewart then filed a second action against Hechtman in the district court for Douglas County and personally served him at his townhouse in Omaha, Nebraska. Hechtman filed another special appearance, which was sustained on the basis of collateral estoppel. Stewart now appeals. Pursuant to our authority to regulate the dockets of the Nebraska Court of Appeals and this court, we removed the case to our docket on our own motion. We reverse, and remand for further proceedings.

## BACKGROUND

Stewart was a passenger on a 1994 Harley Davidson motorcycle owned and operated by Hechtman. In September 1995, Stewart and Hechtman were involved in a one-vehicle motorcycle accident which occurred on Highway 23 in Macon County, North Carolina. Hechtman entered into a curve, leaned the motorcycle to make the turn, and lost control of the motorcycle. Stewart was ejected from the motorcycle, which then rolled on top of him, causing severe injuries.

On April 12, 1996, Stewart filed in the district court for Douglas County his initial negligence petition (the first action), alleging that Hechtman was a property owner and resided in Omaha, Douglas County, Nebraska. In the first action, Hechtman was served on April 19 by certified mail at his home in Sarasota, Florida. Hechtman filed a special appearance pursuant to Neb. Rev. Stat. § 25-516.01(2) (Reissue 1995), challenging the court's exercise of personal jurisdiction over him. A hearing was held before the district court. At the hearing, Hechtman produced evidence that he is registered to vote in Florida, identifies his state of residence on his income tax returns as Florida, and maintains his driver's license in Florida. Further, the motorcycle he was driving in the accident was registered and licensed to Hechtman in Florida. The district court ruled that Hechtman was a resident of the State of Florida, not

the State of Nebraska. The order stated that the fact that Hechtman has an ownership in real property in Nebraska does not subject him to the personal jurisdiction of this state, because Hechtman's interest in the property has nothing to do with the cause of action which arose in North Carolina. The district court therefore sustained Hechtman's special appearance and dismissed the petition without prejudice.

On September 19, 1996, Stewart again filed in the district court for Douglas County his petition alleging negligence against Hechtman (the second action). This case was assigned to a different judge than in the first action. On September 28, Hechtman was personally served the petition at the townhouse of which he was a joint owner, located at 2506 South 92d Plaza, in Omaha. Hechtman filed another special appearance, objecting to the court's jurisdiction over him. A hearing was again held before the district court. During the hearing, Stewart produced evidence that Hechtman was personally served at his Omaha home, which he owns and lists in the Omaha phone book. Hechtman offered Stewart's petition in the first action, Hechtman's special appearance objecting to jurisdiction in the first action, and the district court's order dismissing the action for lack of jurisdiction.

The district court held that the issue presented at the hearing was previously argued and ruled on by the judge in the first action, and that Stewart was collaterally estopped from raising the issue again. The district court agreed with and accepted the judge's findings and order in the first action and thereby sustained Hechtman's special appearance filed in the second action, dismissing the petition at Stewart's costs. From this order, Stewart appeals.

## ASSIGNMENTS OF ERROR

Stewart asserts that the trial court erred in (1) sustaining Hechtman's special appearance when Hechtman was personally served with the petition and summons in Omaha and (2) granting Hechtman's special appearance on the basis of res judicata.

## STANDARD OF REVIEW

When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Brams*

*Ltd. v. Elf Enters.*, 253 Neb. 932, 573 N.W.2d 139 (1998); *Mandolfo v. Chudy*, 253 Neb. 927, 573 N.W.2d 135 (1998); *State ex rel. Garvey v. County Bd. of Comm.*, 253 Neb. 694, 573 N.W.2d 747 (1998).

## ANALYSIS

### COLLATERAL ESTOPPEL

The first issue to be addressed in this appeal is whether the court's prior order of dismissal for lack of personal jurisdiction over Hechtman after the special appearance precludes relitigation of that issue in subsequent proceedings on the same cause of action. Hechtman asserts that the ultimate issue decided by the court in the first action was personal jurisdiction and that the court's decision on this issue precludes relitigation of that issue based on the doctrine of collateral estoppel.

There are four conditions that must exist for the doctrine of collateral estoppel to apply: (1) The identical issue was decided in a prior action, (2) there was a judgment on the merits which was final, (3) the party against whom the rule is applied was a party or in privity with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action. *Cunningham v. Prime Mover, Inc.*, 252 Neb. 899, 567 N.W.2d 178 (1997); *Torrison v. Overman*, 250 Neb. 164, 549 N.W.2d 124 (1996); *Farm Credit Bank v. Stute*, 248 Neb. 573, 537 N.W.2d 496 (1995).

The first step in determining whether collateral estoppel applies is to decide whether there is an identity of issues in the successive proceedings. For the purposes of applying the doctrine of collateral estoppel, an issue is considered to be the "identical issue" in the absence of a significant factual change. *Kopecky v. National Farms, Inc.*, 244 Neb. 846, 510 N.W.2d 41 (1994). In the first action, the court determined that Hechtman was not a resident and determined that the court did not have personal jurisdiction over Hechtman under Nebraska's long-arm statute, Neb. Rev. Stat. § 25-536 (Reissue 1995). The issue determined by that court, therefore, was that Hechtman did not have sufficient minimum contacts with Nebraska to subject him to personal jurisdiction. In the second action, Hechtman was personally served within the State of Nebraska. The first prong

for determination of whether collateral estoppel applies is whether there were identical issues. The issue in the first action was residence, and the issue in the second action was service. These issues are not identical.

While there are no Nebraska cases discussing the issue of collateral estoppel and personal jurisdiction, we find the case *Swan v. Sargent Industries*, 620 P.2d 473 (Okla. App. 1980), to be instructive. In *Swan*, the plaintiff filed an action against the defendant which was dismissed for lack of personal jurisdiction over the defendant, who had filed a special appearance. The plaintiff filed a second action, wherein the defendant specially appeared pleading the earlier order as res judicata and again asserting that the Oklahoma court lacked jurisdiction. The district court ruled that its earlier decision barred review of the personal jurisdiction issue. The Oklahoma Court of Appeals affirmed the district court's decision, but stated:

> [W]hile a dismissal for want of personal jurisdiction over the defendant does not preclude *litigation* of the merits before a court of proper jurisdiction . . . it does preclude *relitigation* of the question of the court's jurisdiction at that time. It does not prevent a court acquiring jurisdiction by virtue of subsequent facts, e.g. later personal service on the defendant while he is present in the state.

(Emphasis in original.) *Id.* at 477. See, also, *Kendall v. Overseas Development Corp.*, 700 F.2d 536 (9th Cir. 1983) (after plaintiff's state court suit was dismissed against one defendant for lack of personal jurisdiction, plaintiff had right to file another complaint on same cause of action curing jurisdictional defect, and thus, after plaintiff filed suit in federal district court on same claim, dispositive question was whether he pleaded any new facts in federal litigation that supported different result on jurisdiction issue).

We find this rationale to be persuasive. While the doctrine of collateral estoppel would prohibit relitigation of the identical issue ruled upon in the first action, that issue dealt with whether Hechtman had sufficient minimum contacts with the state for the state to acquire personal jurisdiction. In the second action, Stewart introduced evidence of transient jurisdiction created by in-state personal service of Hechtman. This is not the identical

issue. The evidence of personal service introduced by Stewart is a significant factual change in the second action which supports a different result on the jurisdictional issue. Therefore, we find the district court erred in sustaining Hechtman's special appearance and dismissing Stewart's petition.

## PERSONAL JURISDICTION

Having determined that Stewart was not collaterally estopped from raising the issue of personal jurisdiction in the second action, we turn now to an analysis of whether the district court has personal jurisdiction over Hechtman. This appeal raises the question of whether the mere presence of the person in the state is a sufficient basis upon which to exercise personal jurisdiction over the person. Stewart argues that the district court erred in determining that it did not have personal jurisdiction over Hechtman. We agree.

We discussed the issue of personal service as providing the court with personal jurisdiction in *Dale Electronics, Inc. v. Copymation, Inc.*, 178 Neb. 239, 132 N.W.2d 788 (1965). In that case, we stated:

> Historically, the jurisdiction of courts to render judgments in personam was grounded on their de facto power over the defendant's person. Presence within the territorial jurisdiction of a court was prerequisite to the rendition of a judgment personally binding the defendant. Now, however, as capias ad respondendum has given way to personal service of summons or other forms of notice, due process requires only that to subject a defendant to a judgment in personam if he be not present within the territory of the forum, he have certain minimum contacts with it . . . .

*Id.* at 241-42, 132 N.W.2d at 790. See, also, *Burnham v. Superior Court of Cal., Marin County*, 495 U.S. 604, 110 S. Ct. 2105, 109 L. Ed. 2d 631 (1990) (holding that service of process confers state court jurisdiction over physically present nonresident, regardless of whether he was only briefly in state or whether cause of action is related to his activities there). We therefore find that the district court has personal jurisdiction over Hechtman.

## CONCLUSION

Because we conclude the district court had personal jurisdiction by reason of personal service upon Hechtman, we reverse, and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.